Our next case for argument this morning is Levy v. West Coast Insurance. Mr. Rosenthal. May it please the court, my name is Jason Rosenthal and I represent Matthew and Jason Levy, the two beneficiaries of the life insurance policy at issue. We're asking this court to reverse the Rule 12b-6 dismissal of the Levy's complaint. I'd like to first address the waiver issue raised by West Coast Life. All that was left in this case after the district court ruled was an argument that West Coast Life didn't send the premium notice at issue to the last known post office address. We looked at what this issue means, whether it's the address on register with the post office or whether it's the last known address Ms. Levy provided to the insurance company. But even if it was the latter, the fact is that West Coast Life did send the notice to an address at which Ms. Levy was residing at the time of her death. So can I cut through this? It looks to me, I think there's been some sloppy use of the words claim and theory and other potential words in all of this. But as I understand it, you withdrew the factual allegation that would have pertained to a breach of contract claim. The factual allegation you withdrew was the one about the address. The other points about the breach of contract claim which the district court had ruled against you on remained untouched. So you weren't voluntarily pulling the whole breach of contract claim out of the case. You were pulling a couple of ways to prove it. That's correct, Judge Wood. At least that's what we tried to do and wanted to do. We went to the district court and said we would like to withdraw this allegation because we don't want to spend a year litigating this remaining issue, which we don't think. We think is a good faith argument, but frankly, not a good argument. So we're willing to withdraw that allegation. And after you withdrew it, did the district court enter a judgment? It did. Where? The district court entered a final order dismissing the case with prejudice. Is that this last thing? Did it enter a judgment is my question. Judgment compliant with Federal Rule of Civil Procedure 58. I believe there was a minute order issued by the court. Did it enter a judgment? I would have to check the docket, Your Honor. I think the answer is no. Did you ask the district court to enter a judgment? We looked. There isn't any. Well, the case was terminated with prejudice. Did you ask the – you can answer my question. No, I don't believe we asked for a – we did want a final judgment entered. We did request that, I believe, in the joint status report that we filed. But no, we did not file a specific request for a final judgment order. And, of course, our rules, the rules of the Seventh Circuit, require you to include the district court's judgment in your brief, which ought to be a tip-off that there wasn't one. So, you know, there are some circumstances under which people can appeal without judgments. But it always is difficult for me to understand why the lawyers pay no attention to the requirement of one as a condition of appeal. Understood, Your Honor. We did – again, I believe we did request that in the joint status report that this be made a final judgment, and it appears that the district court did not enter a final judgment. The case was terminated with prejudice. But with respect to going back to Judge Wood's question, we did request permission to withdraw that factual allegation. The district court was ironically concerned about, again, this court's jurisdiction and didn't want this court to think that some issue remained for some ongoing proceedings in the district court, and therefore at the district court's suggestion, suggestion, insistence, we voluntarily withdrew. He asked us to dismiss with prejudice any claims that the district court had not already dismissed. And so you're looking at this November 6, 2021 memorandum opinion in order to see which ones he had dismissed already, and then he's got his notification of docket entry Wednesday, December 15, where he says the case is dismissed with prejudice, civil case terminated. If he had done it on a Rule 58 form, we would not have this problem. Indeed. But the district judges in the Northern District of Illinois have a habit of not using the Rule 58 forms. But anyway, so I take it, though, you're following through his analysis under Part A in the November 6 order, his rulings on your other points. That's what we were looking at, and we made clear in the transcript, if you look at the transcript, that we were only withdrawing an argument or claim that West Coast Life sent the notice to the wrong address or didn't comply with this address requirement. Well, the claim is the same, though. That's the problem, right? Breach of contract is the claim. It's different theories. You weren't asking for multiple recoveries of $3 million. You were asking for one recovery of $3 million based upon different theories, correct? Well, I would disagree with that in that we cited case law, federal case law, which states that you can't assert multiple claims in a single count. But you didn't – what Judge Brennan is saying, though, is you didn't have multiple claims. You didn't have contract A from 2015 and contract B from 2002. You had one contract. Basically, counsel, you're not grasping the difference between claims for relief and theories of liability. You're using the former terminology when you mean the latter, and it would contribute to clarity to use the right terminology. And it's actually a friendly point for you, by the way. So I want to just jump ahead, realizing that there's probably more we could say about this other, but I don't see how your clients can get around the fact that the notice that was in this communication from West Coast was a pretty close match for the statutory language and, unfortunately, she didn't pay. And so I don't – even if we got past all of this stuff, it's hard for me to see a path for you to move forward on the merits. Well, I can speak to that, Your Honor. There's two issues that we raised with this court. One is the forfeiture, void and forfeited language, and West Coast Life says we're arguing it gave too many warnings, and to some extent that's correct. That is our position, particularly when— But I don't see what's misleading about them. It keeps saying over and over again, you know, if we're not paid by at least the end of the grace period, then the policy vanishes. Well, two of those three warnings – actually, all three of the warnings use the terminology terminate and lapse, and the district court found in another case that those precise words were not sufficient. And Illinois courts, Illinois law requires strict compliance. Do you have any Illinois case that says you have to use the statute's own words? That is, the notice has to be in stilted legalese. Any effort by the insurance company to make them understandable to laypersons is forbidden. We do not. No, no Illinois case says that. Well, isn't that a problem for you? Well, the Illinois cases and Illinois law require strict compliance, and particularly when you have people reading insurance documents, insurance notices that aren't— Particularly when the documents are going to be read by laypersons, translating the statutory legalese into something that normal people can understand sounds like a good turn. Now, I understand your argument that no good turn should go unpunished, but it still sounds like something insurance companies ought to be doing rather than something they are forbidden from doing. Well, let me address the second point you make on the merits, which is this requirement that the insurance company inform the policyholder that they can pay the company or the agent. And really the issue there is West Coast Life says, well, the statute gives them flexibility. They can tell the policyholder to notify the company or they can tell the policyholder to notify the agent. But I don't know why that matters to this case because I didn't see a hint of a proffer that she tried to pay somebody in California or a proffer that she tried to pay the person from whom she purchased the policy. I mean, it just doesn't strike me as a match for what went on here. I don't know that it does matter because this statute doesn't look at prejudice or what the insured might have done or would have done, nor really could we because the only person who could testify to that is, of course, deceased. So that's why courts require strict compliance, and our view is that was not done here. Okay, I see my time has expired. Thank you. Thank you. Thank you, Mr. Rosenthal. Mr. Niemann. Thank you, Your Honor, and may it please the court, John Niemann here for West Coast Life. As I think Judge Wood's question suggested, if the procedural problems in this case are, in fact, not problems, then the merits analysis in this case ought to be relatively straightforward. West Coast Life's notice didn't just provide all of the information that the statute required in non-stilted, non-legalese. It also went much further than that. This notice included an envelope. It came with a payment stub that the insured could cut out and put into the envelope along with her check. This payment stub listed- Do you agree with Mr. Rosenthal that there doesn't seem to be an Illinois case saying that only the statute's own language is permissible? Yes, Judge Usterbrook, and, in fact, one case cited by both parties here is the intermediate appellate court's decision in Time Insurance v. Vick where the court quotes at length a notice that was provided by Time Insurance in that case and says, just as a blanket matter, that that notice language was perfectly fine. That notice language did not pair it with stilted legalese, all the language of the statute, and instead spoke in language that ordinary insureds could easily understand. It did not use the terminology, the company or its agents, that the levy's claim is essential here. Instead, it used the terminology, unless the payment is received, the policy will become forfeited and void and the payments thereon will become forfeited and void. The Illinois state court in that case, in what I think is probably the most far-ranging statement on what insurers are required to do in this context, said that that language was perfectly fine. I think that my client here was fully justified in relying not only on the language of the statute but also on the appellate court's decision in Time Insurance v. Vick in coming up with a notice that made clear the various things that the statute requires notice of. I do think it's important here that this notice said that in addition to providing West Coast Life's PO box on that stub, also said that the insured could pay within a minute by going to a website administered by the parent company of West Coast Life, Protective Life, and that website address was listed on the notice and the stub too. The notice then said, unless we receive the payment by the due date, which was also clearly set out in the notice, or within the 31-day grace period that followed, whose termination date was also set out in clear language in the notice as February 9, 2019, that the policy and all payments thereon would become forfeited and void. Ms. Levy had been paying her premiums for the previous 17 years after receiving similar notices. In fact, the notice that she had received in the year before had contained the precise PO box that was on this notice as well. There's just no indication that the reason why Ms. Levy failed to pay her premium in this year and why her policy terminated had anything to do with some supposed deficiency in this notice. So I'd be happy to talk about the merits of the case all day long. I really wish I could. But I do think that there are a couple of procedural problems in this case that need to be addressed at the outset. Judge Easterbrook, you mentioned the Rule 58 problem with final judgment. In the interest of candor to the court, that's something that I should have picked up on earlier in this case but did not. I did not pick up on it until I was reading the opinion that Judge Easterbrook wrote for the court in 2009 in Fairley v. Andrews, a case that the parties cite here relating to the voluntary dismissal issue. But in that case, this question comes up about the entry of a docket order not sufficing for Rule 58 purposes. I will represent to the court that in scurrying, trying to figure out what the right solution to that problem was relatively late in the day yesterday, I did discover that Rule 58c says that when a district court has purported to enter final judgment in this manner by virtue of a docket entry entered by the clerk, the consequence is that there are 150 days to appeal rather than 30 days to appeal. So I think the right resolution of this problem for which I think the parties bear some responsibility on both sides. It appears to be under a case called Indra Lunis that the time never started until the Rule 58 judgment was entered. And the change in the civil and appellate rules to set the 150-day limit has caught some people utterly unaware. As it happened, the appeal in this case is timely and sufficient under bankers' trust against malice. But that appears to be entirely accidental. Correct. The parties have lucked out. I think we're about two weeks out from the 150-day period such that I think the right way to resolve this issue is to deem the appeal taken as of that time, the case was briefed up, we're here, and the court can resolve the issues presented to it, whether it's the remaining procedural issues concerning the viability of the declaratory judgment action here and the impact of the voluntary dismissal or the merits issues, which, as I've suggested already, are straightforward. When it comes to those two threshold procedural issues, I'll say a word or two about the voluntary dismissal. Excuse me. Let me start with the declaratory judgment problem. The first threshold problem in this case is that all the levies really want out of this case is damages for breach of contract. And the first of the two counts in the complaint, the one for declaratory judgment, was not the right vehicle for seeking those damages. Declaratory judgment. They either want damages or they want performance. I mean, I think they'd like the $3 million is what they really want. Judge Wood, I think that's right, but I think the only way for them to obtain, the only vehicle for them to obtain that performance would be through a breach of contract claim, not a declaratory judgment claim, which is inherently prospective and tells the parties what they're supposed to do moving forward. One cannot circumvent or use the declaratory judgment as effectively a way to get damages by saying, well, I want a declaratory judgment saying that the defendant needs to pay me damages in the future. The reason I draw the distinction is because one sees quite a few declaratory judgment actions about whether insurance covers something or not. You see it in the liability insurance context. You see it commonly. And so I'm not necessarily hostile to the argument that you're making, but because declaratory judgments certainly do have a discretionary aspect to them. But performance of a contractor saying, yes, this contract exists, you know, is a little bit different from saying it's been breached. Just a technical point of contract. Fair enough. The district court also noted that at least at the time the district court entered its November 6, 2021 memorandum opinion, the declaratory judgment count here wasn't doing any work, that the breach of contract count was not. That decision was correct and certainly no abuse of discretion. That left one count in the case, one claim in the case, and that's the other threshold procedural problem here. The breach of contract claim was certainly the right vehicle for seeking retrospective damages, but the problem there is that the levees ultimately voluntarily dismissed that count and that claim. I'm not sure they did, though. I think that's where this claim theory, all the rest of this comes in. I think what they said was we're not pursuing anything about the address. That's not the same thing as dismissing a claim that the contract has been breached. The district court had already told them that these various other theories they had with respect to the contract claim were not going anywhere, and what they're trying to appeal is precisely those things. Yeah, Judge Wood, I think it's no doubt true that the parties went into that status conference with a plan whereby the levees were going to forsake only that particular theory, and they did not intend to voluntarily dismiss anything else, but the district court, as Mr. Rosenthal has noted, stated that it believed that the proper disposition was a voluntary dismissal, and that's a problem because that is not, in fact, a way that a party can get rid of the lingering claims in its case and nonetheless appeal a claim that's at least part of the voluntary dismissal. But they're not trying to appeal anything about the address. I don't see what the problem – they lost on several theories of breach of contract. There's only one contract, as Judge Brennan said. There's only one claim here in the sense of what the federal courts mean, what used to be called a cause of action, if you will. There's only one of them, and they are trying to have their day in court about the reasons that they lost that. I'm not sure what good that's going to do them, but that's what they're trying to do. Understood. I think the procedural problem just goes to the plain language of both that original memorandum opinion and the voluntary dismissal. The memorandum opinion purported to – If the language were plain, I don't think we'd be here, but yes. Regardless, I realize that the procedural argument is strong medicine here, but a reason the court can feel some comfort if it ultimately determines that there's no right to appeal is that the merits arguments here are as weak as they are. We'd be due to win on the merits anyway. Thank you, counsel. The case is taken under advisement.